NOT FOR PUBLICATION                                    (Document Nos. 11, 13)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
WALI SEKOU HAMANI,                  :
                                    :
                                    :   Civil No. 11-6919 (RBK)
            Petitioner,             :
                                    :
       v.                           :   **OPINION**
                                    :
UNITED STATES OF AMERICA            :
                                    :
            Respondent.             :
_____:

**KUGLER**, United States District Judge:

This matter arises out of the United States' motion to dismiss Petitioner Wali Sekou Hamani's ("Petitioner") motion to vacate, set aside, or correct a sentence by a person in federal custody under 28 U.S.C. § 2255. Petitioner also moved for the appointment of pro bono counsel. For the foregoing reasons, the United States' motion to dismiss will be **GRANTED**, Petitioner's motion under § 2255 will be **DISMISSED**, and Petitioner's motion to appoint pro bono counsel will be **DISMISSED AS MOOT**.

I.   FACTUAL AND PROCEDURAL BACKGROUND

    A.  Criminal Proceedings

On May 3, 2004, Petitioner pled guilty pursuant to a plea agreement to one count of bank robbery in violation of 18 U.S.C. § 2113. (Docket No. 04-cr-106, Plea Agreement, Doc. No. 24.) This Court sentenced Petitioner to 180 months imprisonment followed by three years of supervised release. (Doc. No. 30.) The Third Circuit affirmed Petitioner's sentence. United

States v. Hamani, 173 F. App'x 147 (3d Cir. 2006). Petitioner then filed a petition for a writ of certiorari, which was denied on October 2, 2006. Hamani v. United States, 549 U.S. 877 (2006).

### B. Prior Civil Proceeding

On October 27, 2006, Petitioner filed his first petition under 28 U.S.C. § 2255 arguing that he had received ineffective assistance from counsel. (Docket No. 06-cv-5179, Pet. to Vacate, Doc. No. 1.) Petitioner then filed a motion to supplement his § 2255 petition to include a claim that this Court lacked subject matter jurisdiction because the Commerce Clause barred Congress from criminalizing robbery of the bank at issue as the bank was insured by the F.D.I.C. for insolvency or failure, but not for robbery. (Mot. to Supplement § 2255, Doc. No. 6.) On November 24, 2008, the Court denied Petitioner's § 2255 motion on all grounds. Hamani v. United States, No. 06-5179, 2008 WL 5075795, at *5 (D.N.J. Nov. 24, 2008). The Court also held that Petitioner's claim that the Court lacked subject matter jurisdiction was "frivolous" because pursuant to United States v. Spinello, 265 F.3d 150 Congress had the power to enact 18 U.S.C. § 2113 under the Commerce Clause. Hamani, 2008 WL 5075795 *2.

### C. Current Civil Proceeding

On November 28, 2011, Petitioner filed his current motion to vacate, set aside, or correct his sentence under § 2255 in which he alleges that he was impermissibly charged "under a federal law for what should have been a state prosecution." (Docket 11-cv-6919, Pet. to Vacate, Doc. No. 1.) In arguing that this second § 2255 motion is appropriate, Petitioner contends that the Supreme Court's decision in Bond v. United States, 131 S. Ct. 2355 (2011) created a new claim, which had previously been unavailable to him, i.e., he now has the ability to "rais[e] tenth amendment claims in the Third Circuit." (Pet. to Vacate at 5.)

On April 3, 2012 the Court sent Petitioner a letter stating that under United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999):

> [A] person seeking relief in federal court from confinement resulting from conviction in that court must include a single petition, under § 2255, all potential claims for which he or she desires to seek review and relief, because a second or successive habeas petition under § 2255 must be dismissed unless certain very specific and rare circumstances exist, see 28 U.S.C. § 2244.

(Doc. No. 2.) Petitioner responded that his most recent petition was not a second or subsequent petition because "a new fact/claim [recently] arose [that was] subsequent to his prior petition." (Pet'r's Letter 2, Doc. No. 3.) Petitioner maintains that his claim falls within the rare exceptions to second or subsequent claims because his Tenth Amendment claim did not exist until Bond. (Id.) Accordingly, Petitioner contends that he has standing to make the present motion to challenge his sentence. (Id.)

On October 23, 2012, the United States filed its motion to dismiss Petitioner's § 2255 motion. (Mot. to Dismiss, Doc. No. 13.)

## II. LEGAL STANDARD

### A. 28 U.S.C. § 2255

A prisoner in federal custody may file a motion in federal court challenging the validity of his sentence under 28 U.S.C. § 2255. Morelli v. United States, 285 F. Supp. 2d 454, 458 (D.N.J. 2003). 28 U.S.C. § 2255 provides that a petitioner may move to vacate, set aside or correct a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To establish a right to such relief, a petitioner must demonstrate "that the sentence has a fundamental defect resulting in a complete miscarriage of

justice, or an omission inconsistent with the rudimentary demands of fair procedure." See United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989); See also Morelli, 285 F. Supp. 2d at 458-59 (citations omitted).

### B. Motion to Dismiss

The Government's motion to dismiss is considered according to the standard set forth by Federal Rule of Civil Procedure 12(b)(6). See Fed. R. Civ. P. 81(a)(4) (applying the Federal Rules of Civil Procedure to "proceedings for habeas corpus…to the extent that the practice in those proceedings: (A) is not specified in [] the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions"). In deciding a motion under Rule 12(b)(6), the reviewing court must consider a plaintiff's allegations and all reasonable inferences drawn therefrom in the light most favorable to the plaintiff, in this case, the Petitioner. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). If, after considering the petitioner's allegations, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," the court may dismiss the complaint, here Petitioner's § 2255 motion. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. DISCUSSION

Persons seeking relief from a conviction in federal court must file a single petition under § 2255 for all claims. A second or successive habeas petition under § 2255 will be dismissed absent specific and rare circumstances under 28 U.S.C. § 2244. See United States v. Miller, 197 F. 3d 644, 649 (3d Cir. 1999). 28 U.S.C. § 2244(2)(A) requires that:

> A claim presented in a second or successive [] application [] that was not presented in a prior application shall be dismissed unless—(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;

Petitioner currently argues that his claim falls within the rare exceptions listed in § 2244 because the new claim of "raising tenth amendment claims in the Third Circuit" did not exist until <u>Bond</u>, and thus Petitioner now has standing to make the present challenge to his conviction.  (Pet. to Vacate at 5.)  The Court finds, however, that Petitioner's federalism argument is without merit.

<u>Bond</u> held that individuals indicted for violating a federal statute have standing to challenge the validity of that statute on "grounds that, by enacting it, Congress exceeded its powers under the Constitution, thus intruding upon the sovereignty and authority of the States." <u>Bond</u>, 131 S. Ct. at 2359.  Even if Bond did create a new rule of constitutional law, it has not been made retroactive to cases on collateral review.  See <u>McCreary v. United States</u>, No. 12-307, 2012 WL 2569077, at *2 (W.D.N.C. July 3, 2012) (holding that <u>Bond</u> did not create "newly recognized rights");  <u>Hewlett v. United States,</u> No. 07-0597, 2013 WL 1288034, at *1 (E.D. Wis. March 27, 2013) (holding that <u>Bond</u> did not create a "new rule of constitutional law made retroactive to § 2255 motions"); <u>Balcar v. FCI Mendota Warden</u>, 12-0551, 2012 WL 1552759, at *3 (E.D. Cal. Apr. 30, 2012) (stating that the Court is not aware of any authority which determined that Bond created new rules of constitutional law made retroactively applicable).

Even if the Court were to assume that the requirements of § 2244 had been met, however, Petitioner's claim would still lack merit.  <u>Bond</u> only provides that an individual has standing to challenge a law on the grounds that Congress exceeded its powers under the Constitution; it does not provide that such challenges will succeed.  Here, Petitioner pled guilty pursuant to a plea agreement to one count of bank robbery in violation of 18 U.S.C. § 2113.  As noted by the Court in its Opinion in connection with Petitioner's first

motion under § 2255, nothing in <u>Bond</u>, or in any other case for that matter, disturbs "the longstanding view that the reach of the federal government into crimes against banking and savings institutions under [18 U.S.C. § 2113] did not exceed [Congress'] power under the Commerce Clause." <u>United States v. Green</u>, 549 F. App'x 62 (3d Cir. 2014) (discussing district court's opinion below); <u>see also</u> <u>United States v. Spinello</u>, 265 F.3d 150, 156-59 (3d Cir. 2001) ("Bank robbery is an economic activity that, with or without repetition elsewhere, substantially affects interstate commerce and, thus, is an activity that Congress was well within its rights to criminalize pursuant to its power under the Commerce Clause."); <u>United States v. Smith</u>, 987 F.2d 888, 893 (2d Cir. 1993) (collecting cases) (holding that appellant's argument that court lacked jurisdiction over bank robbery charges because 18 U.S.C. § 2113 violates the Tenth Amendment was without merit).

Accordingly, having failed to meet one of the specific and rare circumstances under 28 U.S.C. § 2244, the Court will grant the United States' motion, and Petitioner's second or successive petition under § 2255 will be dismissed.

**IV.    CONCLUSION**

For the reasons stated above, the United States' motion to dismiss will be **GRANTED**, Petitioner's § 2255 motion will be **DISMISSED**, and Petitioner's motion for the appointment of pro bono counsel will be **DISMISSED AS MOOT**. An appropriate order will issue today.


Dated:  11/12/2014                                                      s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge

6